IN THE
## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Richard A. Poplawski,**<br>SCI Phoenix, #KB7354<br>1200 Mokychic Drive<br>Collegeville, PA 19426<br>*Plaintiff,* | ‡<br>‡<br>‡<br>‡<br>‡<br>‡ | |
| v. | ‡<br>‡ | № _____ |
| **P. Green, Sergeant**<br>SCI Phoenix<br>1200 Mokychic Drive<br>Collegeville, PA 19426<br>*Defendant,*<br>*in her individual capacity.* | ‡<br>‡<br>‡<br>‡<br>‡<br>‡ | § 1983 Civil Rights Action<br>for Retaliation<br><br>Jury Trial Demanded |

## Verified Complaint

### Jurisdiction & Venue

1. Plaintiff brings this 42 U.S.C. § 1983 civil-rights action for a violation of the U.S. Constitution, Amendment I.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343; venue is proper under 28 U.S.C. §1391(b): it is where the events giving rise to the claim occurred.

### Parties

3. Plaintiff Richard Andrew Poplawski (#KB7354), is a prisoner housed at State Correctional Institution ("SCI") Phoenix, 1200 Mokychic Drive, Collegeville, PA 19426.

4. Defendant P. Green an employee of the Pa. Dep't of Corrections; she is being sued in her *individual* capacity for actions taken under color of state law; her primary place of employment is SCI Phoenix, 1200 Mokychic Drive, Collegeville, PA 19426.

### Statement of Facts

5. On March 17, 2022, Poplawski filed grievance #972418, regarding the "quad 4 sergeant." (*See* Exhibit A.)

6. Poplawski later discovered that the "quad 4 sergeant" was Defendant P. Green.

7. On the morning of April 4, 2022, Poplawski was on his way to the quad 4 yard.

8. Poplawski had his identification ("ID") card conspicuously visible, affixed to his cap.

9. Poplawski began wearing his ID card in that manner in the summer of 2021 (in order to counter the common pretext officers use to harass disfavored prisoners at Phoenix: "not having" their ID cards).

10. At about 8:20AM on 4/4/22, Poplawski approached a metal-detector area, which was staffed by Defendant Green and about six other corrections officers.

11. After Poplawski cleared the metal-detector area, Poplawski proceeded past Defendant Green, on his way to the quad 4 prison yard.

12. Once Poplawski was approximately 10 feet past Green, she called out: "Poplawski! Stop! You gotta have your ID. Go back [to the unit]."

13. In compliance with Green's order, Poplawski stopped immediately and turned around.

14. As Poplawski re-approached Green, he pointed to his ID (on his cap).

15. Green said to Poplawski: "Boy. If you don't get out of my face and go back to the fuckin' block, I'm gonna spray your ass [with OC, a chemical irritant]."

16. Poplawski returned immediately to the housing unit, passing Francis Harris and Richard Boxley, who were lining up for the metal detector.

17. Francis Harris overheard an exchange between Green and an unidentified officer: "Why did you send him back? His ID was on his hat," Officer Doe asked Green. "That motherfucker filed some nut-ass paper on me," Green replied. (*See* Ex. B, Affidavit of Francis B. Harris.)

18. Moments later, Richard Boxley overheard Defendant Green say that she was "tired of Poplawski's grievances." (*See* Ex. C, Affidavit of Richard Boxley.)

19. Thirty-six hours later, on April 5, 2022, Poplawski was subjected to a [supposedly random] cell search, during which his belongings were needlessly disheveled.

20. The officer conducting the search (a young, dark-skinned male who spoke with an African accent) said to Poplawski: "Green says 'Hi'."

21. Poplawski exhausted his administrative remedies regarding this incident: he filed grievance #976594, and appealed it all the way to final review; his requests for relief were ultimately denied. (*See* Ex. D, Complete Record of Grievance #976594.)

### Cause of Action: Retaliation
A violation of the U.S. Constitution, Amendment I

22. Filing grievances is a constitutionally protected activity.

23. Defendant Green took four adverse actions against Poplawski:
    (a) denying recreation;
    (b) using profanity and a racially charged term ("Boy");
    (c) threating physical force/violence; and
    (e) arranging a retaliatory cell search.

24. These adverse actions happened in close temporal proximity to the filing of prior grievance #972418, and while a response to it was pending.

25. Defendant Green was overheard—by two independent witnesses—stating her motivation for her adverse actions.

26. Defendant Green did not have a legitimate reason for her adverse actions: her given reason (lack of an ID card) was demonstrably false; reasons cited during the grievance appeal process (the "hid[ing]" of the ID card) were likewise untrue.

27. Defendant Green would not have made the same decisions in the absence of Poplawski's constitutionally protected activity.

### Relief Sought

**WHEREFORE**, Plaintiff Poplawski respectfully requests that this Court grant:

1. a declaration that Green violated Poplawski's rights;

2. an award of nominal, compensatory, and punitive damages against the defendant;

3. an award of costs, fees, and expenses; and

4. such other relief as the Court deems just and proper.

Respectfully submitted,
and **verified as true**, subject to the penalties of 28 U.S.C § 1746,

_____          11/2/22
**Richard A. Poplawski**                  **Date**
SCI Phoenix, #KB7354
1200 Mokychic Drive
Collegeville, PA 19426

3

Exhibit



D... 4/3/22

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
*712418*
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: *Phx* | DATE: 3/17/22 |
|---|---|---|

FROM: (INMATE NAME & NUMBER)
*Poplawks   KBT354*

SIGNATURE OF INMATE:
*RP*

WORK ASSIGNMENT

HOUSING ASSIGNMENT:
*PB 1006*

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Re: yard

[ the entirety of this grievance
is printed on an attached
8½" x 11" sheet ]

B. List actions taken and staff you have contacted, before submitting this grievance.

See supplemental page.

Your grievance has been received and will be processed in accordance with DC-ADM 804

Signature of Facility Grievance Coordinator

3/18/2022
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*

Richard A. Poplawski
#KB7354, P-B-1006

Grievance # 972418
March 16, 2022

## Statement of Facts

On the morning of March 16, 2022, the quad 4 sergeant held up P-Unit yard movement in favor of waiting on all M-Unit prisoners to make their way down the walkway, around the corner, and down another walkway.

## .Objection

It is unnecessary to hold P unit while we wait 15 minutes for M to complete movement. We'd be finished and already in the yard by the time the first guy shows up, anyway.

This procedure is just going to draw out movement times. It'll take half an hour to run yard.

## Relief Sought

Permit the yard to open when yard is called. That's all. That's how its always been done. Why change something unilaterally on a Wednesday?

| Block B |
|---|
| I spoke about this briefly with C.O. Piston. He said he was unsure of why there was a sudden departure from normal protocols. |

# AFFIDAVIT OF
# FRANCIS B. HARRIS

page 1 of 1

I, Francis Harris, do hereby swear, subject to 28 U.S.C. § 1746, that the following is true:

1. I am a prisoner at SCI Phoenix in Collegeville, PA.

2. On the morning of April 4, 2022, I was in line for quad 4 main yard.

3. Richard Poplawski was in front of me.

4. As I was clearing the metal detector, I heard Sgt. Green speaking to Mr. Poplawski angrily, though I could not discern what she said.

5. Mr. Poplawski walked past me, headed the other way, back to the unit.

6. I noticed that Mr. Poplawski's ID card was affixed to his hat.

7. As I moved past Green, I overheard the following exchange between Green and another officer:

> "Why did you send him back? His ID was on his hat," he said.
> "That motherfucker filed some nut-ass paper on me," Green replied.

[End of Affidavit.]

Francis B. Harris

April - 18-2022
Date

[Nothing Below.]

Exhibit



Affidavit of                                    (PAGE ONE OF ONE)
# Richard Boxley

  I, Richard Boxley, do hereby affirm under 28 U.S.C.
§ 1746, that the following is true:

1. I am a prisoner at SCI Phoenix in Collegeville, PA.

2. On the morning of April 4, 2022, I was heading to
   quad 4 main yard.

3. When I got to the walkway, I observed Richard
   Poplawski coming the other way, back toward the
   unit.

4. I observed that Poplawski's ID tag was affixed to
   his hat, like a fishing license.

5. When I got to the security/metal-detection area, I
   overheard officers talking.

6. Though I couldn't make out most of the conversation,
   I clearly heard Sgt. Green say that she was "tired
   of Poplawski's grievances."

◄END►

_____          _____
Richard Boxley                          4 - 18 - 22
                                        Date

_____
                    [Below this line is blank.]

Exhibit

# D

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
076599
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Phx | DATE: 4/18/22 |

FROM (INMATE NAME & NUMBER): Poplawsk. KB7354    SIGNATURE OF INMATE: RP

WORK ASSIGNMENT:     HOUSING ASSIGNMENT: PB1006

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

[The entirety of this grievance
is printed on an enclosed 8½"x11"
page.] ————————

Re: Retaliation —Green.

B. List actions taken and staff you have contacted, before submitting this grievance.

The nature of the relief I seek is
such that informal resolution is impossible.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____        _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*     **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

Richard A. Poplawski
#KB7354, P-B-1006

Grie. # 972594
Monday, April 18, 2022

## Statement of Facts

On the morning of April 4, 2022, at approximately 8:20AM, I was on my way to quad 4 main yard. After I cleared the metal-detector area, I proceeded past Sergeant P. Green. Once I was approximately 10 feet away from her, she called out:
> "Poplawski! Stop! You gotta have your ID. Go back in."

I stopped immediately and turned around. As I approached Green, I gestured to my cap, on which I had my ID conspicuously affixed. Green said:
> "Boy. If you don't get out of my face and go back to the fuckin' block, I'm gonna spray your ass [with OC]."

I returned immediately to the housing unit without further incident.

I have two witnesses, who were behind me in line. One overheard an exchange between Green and another officer:
> "Why did you send him back? His ID was on his hat."
> "That motherfucker filed some nut-ass paper on me."

Moments later, another witness heard Green say:
> "I'm tired of Poplawski's grievances."

(Two weeks before, I had filed grievance #972418 on "the quad 4 sergeant" for irregular yard movement. That grievance was pending response at the time of the incident.)

## Violation

I assert a retaliation claim in violation of the U.S. Const., Amendment I:
(1) I was engaged in constitutionally protected conduct (filing a grievance);
(2) The subject of that grievance took an adverse action against me (denial of recreation & threat of force);
(3) These two events occurred closely proximate in time (two weeks); also, Green was overheard expressing her motivation for her adverse action;
(4) There was no possible legitimate reason for her action. Her justification—that I did not have my ID—was false: it can clearly be seen, affixed to my cap.

## Relief Sought

For relief, I seek:
(1) the preservation of surveillance camera footage of the incident;
(2) compensatory and punitive monetary damages for the infringement of my First Amendment rights;
(3) all other relief available: including costs, fees, and expenses of bringing this grievance and litigating a civil-rights action in court, if necessary.

4/18/22



# Initial Review Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

05/16/2022 10:07

| Inmate Name: | POPLAWSKI, RICHARD ANDREW | DOC #: | KB7354 |
| Facility: | Phoenix | Unit Location: | P / B   |
| Grievance #: | 976594 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

In this grievance you stated that you were stopped by the quad Sgt. while on your way into the yard. You state that the Sgt. Green was disrespectful, and would not let you into the yard. The staff are to ensure compliance with institutional rules and policy.  Random checks of inmates passes, and ID's during all movement. Inmates are to show their ID on request. Stg. Green stated that you tried to hide you ID after staff requested it. The quad Sgt. also stated that at no time was she disrespectful or unprofessional. This grievance and all requested relief are denied.

| Signature: | |
| Name: | T. Stephens |
| Title: | |
| Approver: | G. Orlando |
| Date: | 5/16/2022 |

cc:  Facility Grievance Coordinator
DC-15

---

# Grievance Appeal to Superintendent

Richard A. Poplawski
#KB7354, P-B-1006

Grievance #976594
Friday, May 20, 2022

- This grievance was filed on April 18, 2022, regarding an April 4, 2022, incident.
- The Initial Review Response ("IRR") was received yesterday, May 19, 2022.
- This timely appeal follows:

In his IRR, reviewing officer Lt. Stephens contests the underlying facts of the grievance. He contends that Poplawski attempted to "hide" his identification ("ID") card when Sgt. P. Green requested it.

This assertion doesn't pass the smell test. That is, it wouldn't make sense for any prisoner—who hopes to avail himself of his recreation period—to be in possession of his ID card, but then *hide* it when prompted.

Officers sometimes use "lack of ID" as a false excuse to deny disfavored inmates entry to programs and services. That's why Poplawski keeps his ID conspicuously visible during movement around the prison, as had been his practice for many months preceding the incident. Poplawski did not "hide" his ID on the date in question. Camera footage of the incident proves this.

Rather, Sgt. Green denied Poplawski his recreation period—then verbally abused and threatened him with violence—as retaliation for a grievance he had filed a couple weeks before. (Poplawski also was subject to a suspicious "random" cell search *the very next day*, during which the officer conducting the search said, "Green says 'Hi'").

Sgt. Green infringed on Poplawski's First Amendment rights by attaching non-trivial adverse consequences to his constitutionally protected activity. If there were any doubt, Green was overheard by multiple witnesses verbalizing her motivations, proving that she would not have taken such adverse actions if not for Poplawski's prior grievances. The IRR offers no plausible alternative basis for Green's actions—save for the demonstrably false and nonsensical explanation that Poplawski had "hid[den]" his ID card from Green when asked to produce it.

Poplawski has therefore made out a case for retaliation in violation of the law. He reiterates his request for relief as specified in the original grievance, including monetary damages, cost, fees, and expenses.

Respectfully submitted,



# Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

06/09/2022 02:00

| Inmate Name: | POPLAWSKI, RICHARD ANDREW | DOC #: | KB7354 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | P / B |
| Grievance #: | 976594 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

### Decision:Uphold Response

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I have received your grievance appeal in which you claim on the morning of 4/4/2022, at approximately 8:20 AM, you were on your way to main yard. You state that you proceeded past Sgt. Green, when she called out that you had to have your ID and to go back in. You turned and approached Sgt. Green gesturing to your cap, on which you had your ID affixed. You claim that Sgt. Green told you to get out of her face and to return to the block or she would spray you with OC. You returned to the unit without further incident. You seek the preservation of surveillance camera footage of the incident, compensatory and punitive monetary damages for the infringement of your 1st Amendment rights, all other relief available, including costs, fees, and expenses of bringing this grievance and litigating a civil rights action in court.

In my investigation, I find that the response by Lt. Stephens is acceptable. Staff are to ensure compliance with institutional rules and policy. During random checks of inmate passes and identification cards during inmate movement, the inmate is to give their identification card to the requesting staff upon request. After speaking with Sgt. P. Green, she stated that you entered the yard without showing her your identification and that your ID was affixed to your cap on the other side, so that she couldn't see it. Sgt. Green stated that she called you back and you gave her an attitude, so she sent you back to the unit. She stated that at no time was she unprofessional or disrespectful. She also states that she did not know of any other grievance on her.

Additional information will not be addressed as it was not included in the initial grievance.

I will uphold the decision of the grievance officer and deny your appeal and requested relief.

| Signature: | *[signature]* |
|---|---|
| Name | K. Sorber |
| Title: | Facility Manager |
| Date: | |

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**                    Issued: 1/26/2016  Effective: 2/16/2016

KB7354    Grievance #:976594

FINAL APPEAL TO S.O.I.G.A.

Richard A. Poplawski
#KB7354, PHX-P-B-1006

Grievance #976594
Thursday, June 16, 2022

TO THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS:

I would respectfully point out that *three different stories* have emerged from SCI Phoenix as the grievance process unfolded:

- On the date of the incident, Sergeant P. Green claimed she took adverse action against me because I did not have my ID.

- In the Initial Review Response, Lt. Stephens claimed that Green took adverse action against me because I "hid" my ID from her.

- In the Superintendent's response, he claims that Green took adverse action against me because I had my ID, but had an "attitude."

OK. So which is it?

SCI Phoenix's changing stories are strongly suggestive of falsity. Apparently, the superintendent viewed the camera footage, saw the ID visible as could possibly be, and it became clear that they'd have to come up with something else. Hence the "attitude" excuse—which was missing from the Initial Review Response. If that were true, the proper action would have been to issue a misconduct report for insubordination, right?

Now Green claims she did not even know about the grievance against her from just a week before. That's not credible.

The truth is that Sergeant P. Green deprived me of my recreation period, verbally abused and threatened me, then arranged a cell search in retaliation for my previous grievance (and possibly others). I seek relief.

Respectfully submitted,



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

08/22/2022 11:51

| Inmate Name: | POPLAWSKI, RICHARD ANDREW | DOC #: | KB7354 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 976594 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision:Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

In this grievance, you indicate that on 4/4/22, after you were approximately 10 feet away from Sgt. P. Green, she told you to stop, that you have to have your ID, and to go back to your block. You indicate that you stopped, turned around, and as you approached Sgt. Green, you gestured to your cap which had your ID affixed to it. You indicate that Sgt. Green indicated that if you did not get out of her face and go back to the block that she was going to spray you with OC. You indicate that you returned to the unit without further incident. You feel this was done out of retaliation for a previous grievance you had filed. For relief, you request the preservation of camera footage, compensatory and punitive damages, and all other relief available.

This office finds the responses provided to you appropriately addressed your concerns. Despite your claims, records reflect that no evidence was found to support your claims of retaliation. Records reflect that you attempted to hid your ID from staff and had an attitude. You provide this office with no other information which would alter the responses provided. Therefore, this office upholds the responses provided to you and your requested relief is denied.

| Signature: | *Keri Moore for* |
|---|---|
| Name: | D. Varner |
| Title: | Chief Grievance Officer |
| Date: | 08/22/22 |

CC: DC-15/Superintendent - Phoenix
Grievance Office

IN THE
# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Richard A. Poplawski,**<br>    SCI Phoenix, #KB7354<br>    1200 Mokychic Drive<br>    Collgeville, PA 19426<br>        *Plaintiff,*<br><br>        v.<br><br>**P. Green, Sergeant,**<br>    SCI Phoenix<br>    1200 Mokychic Drive<br>    Collegeville, PA 19426<br>        *Defendant,*<br>        *in her individual capacity.* | ‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡<br>‡ | No. _____<br><br>§ 1983 Civil Rights Action<br>for Retaliation<br><br><br>Jury Trial Demanded |

## Summons

**To Sergeant P. Green of SCI Phoenix:**

You are hereby summoned and required to serve upon the plaintiff, Richard A. Poplawski, whose address is at SCI Phoenix, #KB7354, 1200 Mokychic Drive, Collegeville, PA 19426, an answer to the complaint that is now being served on you, within 20 days after service of the this summons, exclusive of the date of service.

If you fail to do so, judgment by default may be entered against you for the relief requested in the complaint.

Clerk of the Court
United States District Court
for the Eastern District of Pennsylvania

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the

_Richard Poplawski,_
_____
Plaintiff

v.

_Sgt. P. Green_
_____
Defendant

)
)
)
)
)
)

Civil Action No. _____

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _Sergeant P. Green_
_____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _30_ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _11/2/22_

_____
*Signature of the attorney or unrepresented party*

_Richard A Poplawski_
*Printed name*

_SCI Phx   # KB7354_
*Address*

_1200 Mokychic Dr_
*E-mail address*

_Collegeville PA 19426_
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the

_Richard Poplawski_
_____
Plaintiff

_Sgt P. Green_
_____
Defendant

)
)
)
)
)
)

Civil Action No. _____

## WAIVER OF THE SERVICE OF SUMMONS

To: _Richard Poplawski_
_____
(Name of the plaintiff's attorney or unrepresented plaintiff)

I have received your request to waive service of a summons in this action along with a copy of the complaint,
two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's
jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within
60 days from _____, the date when this request was sent (or 90 days if it was sent outside the
United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
Signature of the attorney or unrepresented party

_____
Printed name of party waiving service of summons

_____
Printed name

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons
and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in
the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has
no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of
a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff
and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the

*Richard Poplawski*
_____  )
Plaintiff  )
v.  )        Civil Action No. _____
*Sgt. P. Green*  )
_____  )
Defendant  )

## WAIVER OF THE SERVICE OF SUMMONS

To: *Richard Poplawski*
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___*11/2/22*___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Richard Poplawski
SCI Phx #KB7354
1200 Mokychic Dr.
Collegeville PA 19426



CERTIFIED MAIL

7021 1970 0001 5873 9202



PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
11/03/2022
US POSTAGE $007.12⁰

ZIP 19426
041M12252211

Clerk of the Court
U.S. Dist. Ct. for E. PA.
2609 Courthouse
601 Market St.
Phila., PA 19106

U.S.M.S. X-RAY

